UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 01 2011 ★

BROOKLYN OFFICE

---

GEORGE FARROW,

Plaintiff,

– against –

DARNELL MARSHALL, GREYHOUND BUS LINES and DANETTE CHAPMAN,

Defendants.

MEMORANDUM & ORDER

10-CV-3055 (JBW) (CLP)



**JACK B. WEINSTEIN, Senior United States District Judge:**

Plaintiff, George Farrow, brings claims against defendants Darnell Marshall, Greyhound Bus Lines ("Greyhound") and Danette Chapman for negligently causing an automobile accident that seriously injured him. Marshall moves for summary judgment. Plaintiff does not oppose Marshall's motion. Co-defendants Greyhound and Chapman oppose Marshall's motion on the grounds that a jury could find that he was contributory negligent in causing the accident. For the reasons stated at the hearing of August 31, 2011, Marshall's motion for summary judgment is granted.

Plaintiff was a passenger on a Greyhound bus driven by defendant Chapman. The bus was scheduled to travel from New York City to Norfolk, Virginia, leaving September 8, 2009 and arriving the next morning. Before the bus left the Port Authority Bus Terminal in New York, Chapman announced to the passengers that she had never driven this route before and that there might be a resulting delay. She enlisted a passenger sitting in the front of the bus to help her with directions.



The accident occurred at approximately 3 a.m. Chapman was driving westbound along an unlit, two-lane portion of Route 50 in Maryland. Unfamiliar with the route, Chapman missed her exit. When she realized what she had done, she pulled the bus onto the shoulder on the right side of the road. She then attempted to suddenly make a U-turn from the shoulder, across the two westbound lanes of traffic, onto a small turn-around connecting the eastbound and westbound lanes. As she attempted to make the turn, an oncoming flatbed truck driven by Marshall collided with the bus.

Marshall had attempted to avert the collision by first moving to the left lane and then turning onto the grass median between the eastbound and westbound lanes. The flatbed trailer portion of the truck swung out and struck the bus.

Chapman was issued a traffic citation for unsafe lane change. She pled guilty. A subsequent investigation by Greyhound also found that she was at fault. Marshall was not issued a citation.

No reasonable jury could find that Marshall acted negligently by failing to avoid the collision with the Greyhound bus.

Opposing co-defendants argue that Marshall was negligent for failing to slow down when he saw the bus on the shoulder of a two-lane highway with its hazard lights on. But there is no evidence that Marshall's actions were anything but reasonable. He was driving below the speed limit. He was driving with his lights on. When he saw the bus stopped in the shoulder, he moved over to the left lane. Although he continued to look forward, he kept the bus in his peripheral vision. When the bus made a sudden U-turn into his lane, he swerved to his left onto the grass median in an attempt to avert a collision. His reasonable actions likely reduced the impact of the resulting collision.

2

Opposing co-defendants also argue that there is a question of fact whether it was reasonable for Marshall not to have seen the bus begin to turn prior to impact. But there is no evidence suggesting Marshall should have seen the bus's precipitous movement into his lane.

The accident occurred in the middle of the night on an unlit road. Under those circumstances, it would not have been obvious that the bus would be turning off the shoulder. The only witness account is from Tawana Wilson, a passenger on the bus who was not in a position to observe the total situation as it developed. She writes:

> The bus driver bear to the right and slow down put her left signal light on and proceeded for turning lane after checking for traffic once over to her left swung out a safe distance to make a U turn bearly [sic] pushing the gas pedal and inching forward for to check for the opposite traffic. Before she can make left turn for the U turn, a truck came barreling speeding into the grass median and struck the driver side and passed the bus heading in the opposite direction [sic]. I couldn't even hear him hitting the breaks [sic], it happened so fast.

Opp. Ex. 1. If anything, Ms. Wilson's statement establishes that the events transpired quickly, and that Marshall responded in the only way reasonably possible considering that a bus was blocking both lanes of a two lane highway. Given the emergency situation, which was not one of Marshall's making, his actions or inactions must be measured by: (1) the alternatives available to him; (2) the time available to him to recognize and evaluate those alternatives; and (3) whether he made a choice that a reasonably prudent person would have made. *Rivera v. City of New York Transit Authority*, 77 N.Y.2d 322 (1991). Here, Marshall's decision to swerve onto the grass median in an attempt to avert a collision was entirely reasonable given the few alternatives available to him and the split-second nature of his reaction.

Defendant Marshall's motion for summary judgment is granted. The remaining parties are referred to magistrate judge Cheryl L. Pollak for settlement. The case is set down for trial on September 26, 2011.

3

No costs and disbursements are granted.

SO ORDERED.

/s/ Jack B. Weinstein

Jack B. Weinstein
Senior United States District Judge

Dated: September 1, 2011
       Brooklyn, New York